

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:98CR289

KENNETH MONTGOMERY

**MEMORANDUM OPINION**

The action is currently proceeding on Montgomery's Amended 28 U.S.C. § 2255 Motion (ECF No. 124).

### I. INTRODUCTION

By Order entered on July 24, 2013, the United States Court of Appeals for the Fourth Circuit granted Kenneth Montgomery authorization to file a successive 28 U.S.C. § 2255 motion. (ECF No. 119.) On August 14, 2013, Montgomery, by counsel, filed a 28 U.S.C. § 2255 motion ("August 14, 2013 § 2255 Motion, ECF No. 120). In the August 14, 2013 § 2255 Motion, Montgomery requested leave to file an amended § 2255 motion within sixty (60) days of the filing of the August 14, 2013 § 2255 Motion. (Aug. 14, 2013 § 2255 Mot. 7.) On October 11, 2013, Montgomery moved for an extension of time until October 29, 2013 to submit an amended § 2255 Motion. (ECF No. 121).

On October 29, 2013, the Court received an Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Motion for

an Extension of Time. (ECF No. 122.) In the October 29, 2013 submissions, counsel represented, "After carefully reviewing the complete record in this case, counsel has not found any grounds to vacate Mr. Montgomery's sentence that counsel perceives to be non-frivolous. (Id. at 1 (citation omitted).) Counsel for Montgomery requested that Montgomery be permitted a thirty-day extension of time to file an amended, pro se § 2255 Motion if he so chose. (Id. at 1-2.) By Order entered on December 17, 2013, the Court directed Montgomery to file an amended 28 U.S.C. § 2255 personally signed by him under penalty of perjury. (ECF No. 124.) On January 23, 2014, Montgomery, appearing pro se, filed the 28 U.S.C. § 2255 Motion ("Amended § 2255 Motion," ECF No. 123). The Amended § 2255 Motion supplants the prior § 2255 motions, and the action will proceed solely on the claim set forth therein.

In Miller v. Alabama, the Supreme Court of the United States held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. 2455, 2460 (2012). Montgomery contends that he is entitled to relief as his "sentence of life without parole for violating RICO and aiding and abetting a murder in aid of drug trafficking was mandatory, because the Sentencing Guidelines

were mandatory in 1999, when Mr. Montgomery was sentenced." (ECF No. 124-2, at 6 (citation omitted).) The Government responds that Montgomery is not entitled to relief under Miller because, inter alia, he was not sentenced pursuant to a statute or guideline that mandated a sentence of life without parole. (Gov't's Resp. 1, ECF No. 126 (citation omitted).) For the reasons set forth below, the Amended § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

Montgomery turned 18 on January 6, 1997. On October 21, 1998, a grand jury sitting in the Eastern District of Virginia returned a fourteen-count indictment charging Montgomery with racketeering, murder, and firearm and drug violations. (ECF No. 18.) On January 22, 1999, a jury convicted Montgomery of, inter alia, participation in racketeering and corrupt organization (Count One), murder during a major drug trafficking offense (Count Three), murder during a crime of violence (Count Four), using and carrying a firearm during a violent crime (Count Five), possession with intent to distribute crack (Count Six), assault with a dangerous weapon in aid of racketeering activity (Count Seven), collection of extension of credit by extortionate means (Count Eight), distribution of crack (Count

Thirteen), and conspiracy to distribute heroin (Count Fourteen). (ECF No. 63, at 1-2.) On May 21, 1999, the Court, inter alia, sentenced Montgomery to life on Counts One and Three. (J. 3, ECF No. 79.)

### III. ANALYSIS

As previously noted, in Miller v. Alabama, the Supreme Court of the United States held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. 2455, 2460 (2012). Montgomery asserts that he was a juvenile at the time he committed Counts One and Three.[1] Montgomery contends that he is entitled to relief as his "sentence of life without parole for violating RICO and aiding and abetting a murder in aid of drug trafficking was mandatory, because the Sentencing Guidelines were mandatory in 1999, when Mr. Montgomery was sentenced." (ECF No. 124-2, at 6 (citation omitted).)

---

[1] The Government acknowledges that Montgomery was a juvenile at the time he committed the murder that was the basis for Count Three. The Government, however, notes that the jury determined that Montgomery participated in a RICO enterprise before and after his eighteenth birthday. It is unnecessary to resolve any dispute with respect to Montgomery's continued participation in a RICO enterprise past his eighteenth birthday because, as explained above, his Miller claim lacks merit.

4

Although the Sentencing Guidelines were mandatory at the time of Montgomery's sentencing, his Sentencing Guidelines range for Count One and Three was 360 months to life. (Presentence Investigation Report ¶ 107, ECF No. 140.) Although the Court ultimately sentenced Montgomery to a term of life imprisonment for Counts One and Three, the sentence of life imprisonment was not mandatory. Thus, Montgomery's Eighth Amendment challenge under Miller fails because he "was not sentenced pursuant to any statute or guideline that mandated a sentence of life without parole." Evans-Garcia v. United States, 744 F.3d 235, 240 (1st Cir. 2014); see United States v. Jefferson, 816 F.3d 1016, 1019 (8th Cir. 2016) (observing the circuit courts have "uniformly declined to apply Miller's categorical ban to discretionary life sentences" (citing Davis v. McCollum, 798 F.3d 1317, 1321-22 (10th Cir. 2015), cert. denied, 136 S. Ct. 1524 (2016); Croft v. Williams, 773 F.3d 170, 171 (7th Cir. 2014); Evans-Garcia, 744 F.3d at 240-41; Bell v. Uribe, 748 F.3d 857, 869 (9th Cir. 2013), cert. denied, 135 S. Ct. 1545 (2015))). Accordingly, Montgomery's claim will be dismissed. Montgomery's Motions seeking relief under 28 U.S.C. § 2255 (ECF Nos. 120, 124) will be denied. The action will be dismissed with prejudice.

The Court will deny a certificate of appealability. The Clerk is directed to send a copy of this Memorandum Opinion to Montgomery and counsel of record.

It is so ORDERED.

.

                                                /s/
                                 Robert E. Payne
                                 Senior United States District Judge

Richmond, Virginia
Date: November 14, 2016