IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                              Criminal Action No. 3:98CR289

KENNETH M. MONTGOMERY, JR.

**MEMORANDUM OPINION**

In the years following his conviction, Kenneth M. Montgomery filed numerous, unsuccessful § 2255 motions. By Memorandum Opinion and Order entered November 14, 2016, the Court denied a § 2255 motion filed by Montgomery in 2013. (ECF Nos. 149, 150.) In a separate Memorandum Opinion and Order entered on November 14, 2016, the Court denied § 2255 Motion filed by Montgomery on July 1, 2016. (ECF No. 147, 148.)

While the above-described § 2255 motions were pending, on August 3, 2016, the United States Court of Appeals for the Fourth Circuit granted Montgomery permission to file another, successive 28 U.S.C. § 2255 motion, this time in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 146.) Attached to the Fourth's Circuit Order was a copy of Montgomery's proposed successive § 2255 Motion. ("Johnson-based § 2255 Motion," ECF No. 146-2.) In the Johnson-based § 2255 Motion, Montgomery vaguely asserted that, in light of Johnson, his 924(c) conviction in Count Five for use and carry of a firearm,

during and in relation to a crime of violence must be vacated. (ECF No. 146-2, at 4.)[1] Montgomery requested, inter alia, that the Court appoint counsel to assist him. (Id. at 13.)

Thereafter, on November 14, 2016, Montgomery filed another, successive, unauthorized 28 U.S.C. § 2255 motion. ("November 14, 2016 § 2255 Motion," ECF No. 151.)[2] In the November 14, 2016 § 2255 Motion, Montgomery contends that his convictions run afoul of the Double Jeopardy Clause and that he was denied the effective assistance of counsel. (ECF No. 151, at 3-13.) By Memorandum Order entered December 21, 2016, the Court directed the Government to respond Montgomery's Johnson-based § 2255 Motion and his November 14, 2016 § 2255 Motion. (ECF No. 152.) The Government filed its Response. (ECF No. 153.)

It is appropriate to first dispense with Montgomery's November 14, 2016 § 2255 Motion, which can be summarily dismissed for lack of jurisdiction, before addressing the Johnson-based § 2255 Motion that will require further briefing.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

[2] The Clerk assigned civil action number 3:16CV918 to the November 14, 2016 § 2255 Motion.

2

# I. Montgomery's November 14, 2016 § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In this instance the Fourth Circuit granted Montgomery pre-filing authorization and permission to file a successive motion in this Court raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), pursuant to 28 U.S.C. § 2255(h)(2).[3]

---

[3] The Fourth Circuit's determination that Montgomery satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" McLeod v. Peguese, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting Bennett v. United States, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, this Court must examine Montgomery's claims and dismiss them if they do not satisfy § 2255(h). See United States v. MacDonald, 641 F.3d 596, 604 (4th Cir. 2011) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

3

Montgomery did not obtain prefiling authorization for his November 14, 2016 § 2255 Motion. Therefore, the Court lacks jurisdiction to entertain the November 14, 2016 § 2255 Motion and it will be dismissed for lack of jurisdiction.

Even if the Court were to construe the November 14, 2016 § 2255 Motion as an attempt to amend the Johnson-based § 2255 Motion, the Court would still dismiss the claims as they fail to satisfy 28 U.S.C. § 2255(h).³ The Court will deny a certificate of appealability with respect to the November 14, 2016 § 2255 Motion.

## II. Montgomery's Johnson-based § 2255 Motion

### A. Pertinent Procedural History

Following a jury trial, Montgomery was convicted of: one count of conspiracy to violate R.I.C.O., in violation of 18 U.S.C. § 1962(c) (Count One); murder during a major drug trafficking offense (Count Three); use and carry of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Five); possession with intent to distribute five grams or more of crack

---

³ Under § 2255(h), Montgomery must demonstrate that his claims are based upon either:
    **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h).

cocaine (Count Six); one count of assault with a dangerous weapon in aid of racketeering activity (Count Seven); one count of collection of credit by extortionate means (Count Eight); one count of conspiracy to distribute crack cocaine(Count Thirteen); and, one count of conspiracy to distribute heroin (Count Fourteen). (See ECF Nos. 34, 63.) The Court sentenced Montgomery to life imprisonment to be followed by a consecutive sentence of five years for Count Five. (ECF No. 79, at 3.)

B. **Recent Supreme Court Decisions**

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," id. at 2563,[4] because the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of ACCA, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." Id. at 2557-58 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

At the time of Montgomery's conviction on Count Five, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another

6

> may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause of § 924(c). United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Thus, in order for Montgomery's § 924(c) conviction in Count Five to pass constitutional muster, it must be predicated on a crime of violence that satisfies the Force Clause of § 924(c).

### C. The Predicate Crimes For Count Five Identified In The Second Superseding Indictment And Jury Instructions

Count Five of the Second Superseding Indictment states, in pertinent part:

> On or about December 31, 1995, at Richmond, Virginia . . . Defendant MONTGOMERY did knowingly and unlawfully use and carry a firearm <u>during and in relation to a crime of violence</u>, namely each of the offenses described in Paragraphs 1(a), (b) and (c) of Count Four, each of which is a felony prosecutable in a Court of the United States.

(ECF 34, at 14 (emphasis added).) The relevant paragraphs of Count Four charged:

> On or about December 31, 1995, in the Eastern District of Virginia, Defendant MONTGOMERY did knowingly and willfully,
> (a) conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, the activities of which affected interstate commerce, through a pattern of racketeering activity, to wit: the commission of the racketeering acts set forth in Paragraph 8 of Count One of this Indictment as Racketeering Acts One through Seven, as more particularly described in Count One of this Indictment,

7

which is expressly incorporated by reference herein, in violation of Title 18, United States Code, Section 1962(c);

(b) murder and cause the murder of John Henry White, in violation of § 18.2-32 of the Code of Virginia, for the purpose of maintaining and increasing position in an enterprise engaged in racketeering activity, as more particularly described in Count Two of this Indictment, which is expressly incorporated by reference herein, in violation of Title 18, United States Code, Section 1959(a)(1);

(c) while engaging in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit: a conspiracy to possess with intent to distribute and to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack", in violation of Title 21 United States Code Sections 841(a)(1) and 846, as charged in Paragraph 8, Racketeering Act Six of Count One of this Indictment, which is realleged and incorporated herein, did knowingly, intentionally, and unlawfully kill and counsel, command, induce, procure, and cause the intentional killing of John White, and such killing resulted, in violation of Title 21, United States Code, Section 848(1)(1)(A) and Title 18, United States Code § 2.

(Id. at 12-13.)

The jury instructions, however, explicitly broadened the § 924(c) charge and stated Montgomery could be found guilty of Count Five if he used and carried a firearm during in relation to a crime of violence or a drug trafficking offense. (Jury Instruction No. 69, 71.)[5] Thereafter, the instructions stated that:

---

[5] The portion of the trial wherein the Court recited the jury instructions has not been transcribed. The Court relies upon the jury instructions filed on the left-hand side of the Court's paper file.

8

> THE CRIMES OF VIOLENCE AND DRUG TRAFFICKING OFFENSES ALLEGED WITH RESPECT TO COUNT FIVE ARE AS FOLLOWS:
> 1. THE DEFENDANT KNOWINGLY AND WILLFULLY PARTICIPATED IN A RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION AS CHARGED IN COUNT ONE OF THE INDICTMENT;
> 2. THE DEFENDANT DID MURDER AND CAUSE THE DEATH OF JOHN HENRY WHITE FOR THE PURPOSE OF MAINTAINING AND INCREASING HIS POSITION IN AN ENTERPRISE ENGAGED IN RACKETEERING ACTIVITY AS CHARGED IN COUNT TWO OF THE INDICTMENT;
> 3. WHILE ENGAGING IN A CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO DISTRIBUTE IN EXCESS OF 50 GRAMS OF COCAINE BASE, THE DEFENDANT DID KILL JOHN HENRY WHITE AS CHARGED IN COUNT THREE OF THE INDICTMENT.

(Jury Instruction No. 69.)

While the jury found Montgomery guilty of Count Five, the Special Verdict Form did not require the jury to identify which drug trafficking crime or crime of violence it relied upon to find Montgomery guilty. (ECF No. 63, at 2.) However, the jury found Montgomery not guilty of Count Two of the indictment. (Id.) Thus, the Special Verdict Form suggested the jury relied upon the RICO charge in Count One or the drug trafficking charge in Count Three to support its conviction of Montgomery on Count Five.

D. **The Government's Response**

In its current response, the Government provides a handful of reasons why Montgomery's Johnson-based challenges to his § 924(c) conviction fails. As explained below, given the current record and the state of the law, these arguments do not warrant dismissal of Montgomery's claim at this time.

9

First, the Government notes that "Montgomery has a valid drug-trafficking predicate for his 924(c) count, and Johnson has no effect on a 924(c) count that can be based on a drug-trafficking predicate offense." (ECF No. 153, at 21 (citations omitted).) In making this argument, however, the Government fails to acknowledge that the Second Superseding Indictment ostensibly limited Count Five to "use and carry a firearm during and in relation to a crime of violence." (ECF No. 34, at 14.) Next, the Government contends that "Montgomery's Johnson challenge fails because Johnson does not invalidate" the Residual Clause § 924(c)(3). (ECF No. 153, at 21.) But, as noted above, the Supreme Court recently invalidated the Residual Clause of § 924(c). United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

Moreover, the Government's procedural defenses are not persuasive. The Supreme Court's decision in Davis would appear to undermine, or entirely foreclose, the Government's contention that Montgomery's claim is barred by the relevant statute of limitations. See Davis v. United States, --- F. Supp. 3d ----, No. 2:10CR36, 2019 WL 7205915, at *2 (E.D. Va. Dec. 23, 2019); United States v. Wilson, No. 13-CR-20369-02, 2019 WL 4547061, at *3 (E.D. Mich. Sept. 19, 2019) ("Given that the Supreme Court decided Davis on June 24, 2019, a claim based on this case is not time-barred under § 2255(f)(3)."). Additionally, while Montgomery

10

may have defaulted his vagueness challenge to § 924(c)(3)(b) by failing to raise it earlier, the Court has concluded that defendants, like Montgomery, "did not have a reasonable basis upon which to raise a vagueness challenge to the Residual Clause of 924(c). And as a result, his failure to do so is sufficiently excusable to satisfy the cause requirement." United States v. Douglas, 406 F. Supp. 3d 541, 547 (E.D. Va. 2019) (citations omitted) (internal quotation marks omitted).

Lastly, the Government argues that "Montgomery's § 924(c) count can be supported by predicate offenses that satisfy § 924(c)(3)(A)." (ECF No. 153, at 26). Namely the RICO count, and the VICAR count (of which Montgomery was acquitted), may serve as predicates under § 924(c)(3)(A). (Id. (citation omitted).)[6]

---

[6] In support of this contention, the Government initially cites United States v. Cuong Gia Le, 206 F. Supp. 3d 1134, 1147 (E.D. Va. 2016). In Cuong Gia Le, the defendant pled guilty to, among other offenses, two counts of murder in aid of racketeering activity and two counts of use of a firearm in relation to a crime of violence. Id. at 1136-37. Following Johnson, the defendant argued his two firearm counts were no longer supported by a valid predicate because of the residual clause of § 924(c) was unconstitutionally vague. Id. at 1138. The district court rejected that argument,

> because contrary to defendant's contention, neither of defendant's convictions pursuant to § 924(c) depend on the residual clause of § 924(c). This is so because with respect to both convictions, at least one predicate offense—namely, murder—is a crime of violence pursuant to the force clause of § 924(c), which defines a crime of violence as any felony that "has as an element the use, attempted use, or threatened use of physical force

While that ultimately may prove to be the case, at this juncture, the interests of justice warrants the appointment of counsel for Montgomery, before deciding that issue. See 18 U.S.C. § 3006A(a)(2)(B).

### III. Further Proceedings

The Federal Public Defender, or other appropriate counsel, will be appointed to represent Montgomery with respect to his Johnson-based § 2255 Motion. Within forty (40) days of the date of entry hereof, counsel for Montgomery, shall file his position as to why Montgomery is entitled to relief with respect to that claim. Within sixty (60) days of the date of entry hereof, the Government shall file its position as to whether Montgomery is entitled to relief.

An appropriate Order will accompany this Memorandum Opinion.

/s/ _REP_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 5, 2020

---

against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Id. at 1147 (footnote omitted). However, unlike the defendant in Cuong Gia Le, Montgomery was acquitted of the underlying charge of murder in aid of racketeering activity.

12